UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
☐ Eastern (Jackson)   DIVISION
☒ Western(Memphis) DIVISION

Sheena Ingram )
)
Plaintiff, )
)
vs. )                                    No. _____
)
Electrolux )
)
Defendant. )

## COMPLAINT

1.  This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

    ☐   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
        to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991,
        Pub. L. No. 102-166) (race, color, gender, religion, national origin).
        *NOTE: In order to bring a suit in federal district court under Title VII,
        you must first obtain a right to sue letter from the Equal Employment
        Opportunity Commission.*

    ☐   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
        621 – 634 (amended in 1984, 1990, and by the Age Discrimination in
        Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights
        Act of 1991, Pub. L. No. 102 -166)
        *NOTE: In order to bring a suit in federal district court under the Age
        Discrimination in Employment Act, you must first file charges with the
        Equal Employment Opportunity Commission.*

    ☒   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112
        – 12117 (amended by the ADA Amendments Acts of 2008, Pub. L. No.
        110-325 and the Civil Rights Act of 1991, Pub. L. No. 1102-166).
        *NOTE: In order to bring a suit in federal district court under the
        Americans with Disabilities Act, you must first obtain a right to sue letter
        from the Equal Employment Opportunity Commission.*

## JURISDICTION

2.     Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Tennessee law.

## PARTIES

3.     Plaintiff resides at:

7418 Bridle Cove, South Haven
_____
STREET ADDRESS

Desoto    Ms    38671    (901) 395-4025
County     State     Zip Code     Telephone Number

4.     Defendant(s) resides at, or its business is located at:

3231 Paul R. Lowery Rd
_____
STREET ADDRESS

Shelby    Memphis    TN    38109
County     City     State     Zip Code

NOTE: If more than one defendant, you must list the names, address of each additional defendant.

_____

_____

_____

_____

_____

_____

5.     The address at which I sought employment or was employed by the defendant(s) is:

3231 Paul R. Lowery Rd

2

STREET ADDRESS

Desoto, SouthHaven, MS. 38671
County      City       State       Zip Code

6.   The discriminatory conduct of which I complain in this action includes *(check only those that apply)*

  ☐ Failure to hire

  ☒ Termination of my employment

  ☐ Failure to promote

  ☐ Failure to accommodate my disability

  ☐ Unequal terms and conditions of my employment

  ☐ Retaliation

  ☐ Other acts *(specify)*: _____

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

7.   It is my best recollection that the alleged discriminatory acts occurred on:
     December 19, 2016 and Jan 6, 2017.
     Date(s)

8.   I believe that the defendant(s) *(check one)*:

  ☐ is still committing these acts against me.

  ☒ is <u>not</u> still committing these acts against me.

9.   Defendant(s) discriminated against me based on my:
     *(check only those that apply and state the basis for the discrimination. For example, if religious discrimination is alleged, state your religion. If racial discrimination is alleged, state your race, etc.)*

3

☐ Race_____

☐ Color_____

☐ Gender/Sex_____

☐ Religion_____

☐ National Origin_____

☒ Disability Cancer [Breast Cancer; Reconstruction Surgery]

☐ Age. If age is checked, answer the following:
I was born in_____. At the time(s) defendant(s) discriminated against me.

I was [ ] more [ ] less than 40 years old. *(check one)*

**NOTE:** *Only those grounds raised in the charge filed the Equal Employment Opportunity Commission can be considered by the federal district court.*

10.    The facts of my case are as follows:

I Was hired by Defendant as a Material Planner. I Was later diagnosed with breast cancer and had a breast reconstruction surgery. I became disable through my Serious health crisis. I Was laid off from my position due to an alleged lack of work status. However Non disabled Planners were not laid off

*(Attach additional sheets as necessary)* → *YES See Attached*

**NOTE:** *As additional support for your claim, you may attach to this complaint a copy of the*

4

Plaintiff, Sheena Ingram vs Defendant, Electrolux          Page 4 ___*H*___

### 10. Facts

    a.  Plaintiff was hired in April 2014 as a Material Planner.

    b.  Plaintiff has earned a Master of Human Resources.

#### DISABILITY /SERIOUS MEDICAL CONDITION

    c.  In October 2014, Plaintiff was diagnosed with a disability

    d.  In November 2014 Plaintiff notified Defendant that she needed to take leave for Surgery related to a serious medical condition

    e.  Plaintiff notified Defendant that she was unable to report to work after the surgery and needed to be out from four (4) to six (6) weeks.

    f.  Plaintiff was approved for short-term disability.

    g.  On September 8, 2015 Plaintiff's healthcare provider sent Defendant a note that informed Defendant that Plaintiff would be cleared to return to work on September 28, 2015 with a restriction of no heavy lifting over 10 pounds.

    h.  In October 2015, Plaintiff returned to work to perform her job duties as Material Planner

    i.  Plaintiff was approved for long term disability from October 2014 through October 2015.

    j.  In October 2015 Plaintiff later notified Defendant that she was experiencing significant issues with her medical treatment that caused her severe debilitating fatigue, joint pain and caused her to fall asleep.

    k.  Plaintiff reported to Defendant that her Healthcare provider agreed to her working from home.

    l.  Plaintiff requested to work from home as a reasonable accommodation.

Plaintiff, Sheena Ingram vs Defendant, Electrolux                    Page 4 _____

m. Plaintiff was approved to work from home.

n. Plaintiff's Healthcare provider notified Defendant that he extended Plaintiff's work from home status through January 2016.

o. Defendant granted Plaintiff extended leave of absence through January 6, 2016.

p. Due to Plaintiff's disability caused by a serious medical health condition, Plaintiff was off work from January 2016 until December 2016.

q. Plaintiff informed Defendant in late November 2016 that she would be returning to work mid December 2016.

## DISABILITY DISCRIMINATION:

r. Defendant notified Plaintiff in a written letter on December 19, 2016, that she was being placed on a lay off status due to lack of work.

s. Defendant notified Plaintiff in a written letter on December 19, 2016, that the Material Planner position would go from Six positions to Four positions.

t. Plaintiff was the **ONLY** Material Planner that was laid off **despite** Defendant's notification to Plaintiff in a written letter on December 19, 2016, that the Material Planner position would go from Six positions to Four positions **due to lack of work**

u. There were still five (5) Material Planners in December 2016 that did not get laid off due to an alleged lack of work status.

v. The five Material Planners that were not laid off under an alleged lack of work status were Denise, Mike, Teresa, Conrad, New Material Planner Bridgette.

w. Material Planner Tim Cayet quit his position as Material Planner and Defendant literally hired him back while Plaintiff was on leave.

Plaintiff, Sheena Ingram vs Defendant, Electrolux          Page 4 _____

x. Plaintiff **NEVER** notified Defendant in December 2016 that her condition was improving.

y. Defendant did not advised Plaintiff that her position was eliminated after she notified Defendant in December 2016 that her condition was improving because she did not do so.

z. Plaintiff notified her Manager, Jason Malone as well as notification to Karen Floyd in October 2016 through social media via a LinkendIn in message, that she would be returning to work.

aa. Defendant waited the week that the plant was scheduled to be shut down to send Plaintiff the lay -off letter for alleged lack of work.

bb. Plaintiff written LinkendIn message to Supervisor Jason Malone on October 20, 2016 informed him that she had been out the loop because she had numerous of surgeries and experienced complications along the way.

cc. Plaintiff written LinkendIn message to Supervisor Jason Malone on October 20, 2016 informed him that she hoped her Healthcare Provider would release her to come back to work within the next month or so.

dd. Plaintiff's written LinkendIn message to Supervisor Jason Malone on October 20, 2016 informed him that she wished that she could help out some kind of way and she would keep him posted.

ee.    On October 22, 2016, Plaintiff's Manager and Defendant's Management, Jason Malone responded to Plaintiff in a LinkendIn in message where he stated that it sounded to him like she was optimistic and improving

Plaintiff, Sheena Ingram vs Defendant, Electrolux                    Page 4 

    ff. On October 22, 2016, Plaintiff's Manager and Defendant's Management, Jason
         Malone responded to Plaintiff in a LinkendIn in message where he encouraged
         her to keep communication with Karen Floyd and to work with her on any
         changes.

    gg. On October 22, 2016. Plaintiff's Manager and Defendant's Management, Jason
         Malone responded to Plaintiff in a LinkendIn in message where he stated that he
         wished her continued healing.

    hh. On December 2, 2016, Plaintiff sent a LinkendIn social media in message to to
         Supervisor Jason Malone and informed him that she contacted Karen Floyd and
         expressed to her that she hoped to be back at work in two (2) weeks.

    ii. On December 2, 2016. Plaintiff sent a LinkendIn social media in message to to
         Supervisor Jason Malone and informed him that she contacted Karen Floyd and
         expressed to her that she  had  an upcoming Doctors appointment on December
         12, 2016 and she hoped they clear her to come back to work.

    jj. On December 2, 2016. Plaintiff sent a LinkendIn social media in message to
         Supervisor Jason Malone and informed him that she contacted Karen Floyd and
         expressed to her that she would be back at work in mid-January if her Doctor
         appointment scheduled for December 12, 2016 did not clear her to return to work
         in two weeks.

    kk. On December 23, 2016 Plaintiff's written LinkendIn message to Supervisor Jason
         Malone informed him that she was pretty sure he was aware that she had received
         a letter stating that her position had been eliminated and was having difficulty
         contacting anyone for clarification to understand the process.

    ll. On December 23, 2016, Supervisor Jason Malone sent a reply social media linkend in message where he informed Plaintiff that he was not aware of the letter and that the plant was shut down until January 3.

    mm.      Plaintiff 's written reply LinkendIn message to Supervisor Jason Malone on December 23, 2016 informed Supervisor that the elimination of her Materials Planner position right before Christmas was bad news that only provided her one week notice.

    nn. Plaintiff 's written reply LinkedIn message to Supervisor Jason Malone on December 23, 2016 informed Supervisor that she was already in a bad place and Defendant's elimination notice causes her to only have until January 6, 2017 to find another position with Defendant or she will be terminated.

    oo. Plaintiff 's written reply LinkendIn message to Supervisor Jason Malone on December 23, 2016 informed Supervisor that she basically only had three (3) days to find another position since the plant was closed for the holidays.

    pp. Plaintiff 's written reply LinkendIn message to Supervisor Jason Malone on December 23, 2016 informed Supervisor that being sick was beyond her control and the timing of the letter truly bothered her.

    qq. Defendant's own Human Resources informed Plaintiff that she would receive a list of positions that she could apply for in the layoff letter.

    rr. Defendant NEVER sent Plaintiff a list of positions she could apply for.

    ss. Plaintiff is aware of two (2) Material Planners positions that posted despite of and after Defendant's notification to Plaintiff in a written letter on December 19, 2016, that she was being placed on a lay off status due to lack of work.

Plaintiff, Sheena Ingram vs Defendant, Electrolux                    Page 4 

tt.  Defendant posted the open Material Planner positions without notifying Plaintiff.

uu.  Plaintiff learned of the posting of the Material Planner position by word of mouth.

vv.  When Plaintiff called and asked Human Resources about the positions, Defendant
either failed or refused to confirm that these positions existed.

ww.      Defendant only confirmed that Plaintiff could apply for ANY open position.

xx.  Plaintiff asked for a list of open positions for the second time and she once again
never received it.

yy.  Plaintiff called the HR manager Kimberly Nichols to discuss her frustrations and
when she called Nichols back the next week Nichols herself was no longer with the
company.

zz.  Plaintiff reasonably believes and perceives that Defendant violated the Americans
with Disability Act Amendment (ADAAA), when she was the only Material
Planner laid off during an alleged lack of work status.

aaa.      Plaintiff believes Defendant's explanation of lack of work for the layoff
was pretextual to hide the real reason for their non legitimate and discriminatory
decision to lay Plaintiff off work after she reported, and they were fully aware of
her disability.

*charge filed with the Equal Employment Opportunity Commission or the Tennessee Human Rights Commission.*

11.    It is my best recollection that I filed a charge with the Tennessee Human Rights Commission regarding defendant's alleged discriminatory conduct on:_____

12.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on: $\underline{05-23-2017}$
                                                                                                                                                 Date

**Only litigants alleging age discrimination must answer Question #13.**

13.    Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct. *(check one):*

⧖

          ☒   60 days or more have elapsed

          ☐   Less than 60 days have elapsed.

14.    The Equal Employment Opportunity Commission *(check one)*:

          ☐   has **not** issued a Right to Sue Letter.

          ☐   has issued a Right to Sue letter, which I **received** on  $\underline{09-10-2019}$.
                                                                                                                 Date

**NOTE:**       *This is the date you* _received_ *the Right to Sue letter, not the date the Equal Employment Opportunity Commission issued the Right to Sue letter.*

15.    Attach a copy of the Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.

**NOTE:** *You must attach a copy of the right to sue letter from the Equal Employment Opportunity Commission.*

16.    I would like to have my case tried by a jury:

          ☒   Yes

          ☐   No

5

**WHEREFORE,** plaintiff prays that the Court grant the following relief:

☐   direct that the Defendant employ Plaintiff, or

☐   direct that Defendant re-employ Plaintiff, or

☐   direct that Defendant promote Plaintiff, or

☐   order other equitable or injunctive relief as follows:_____

_____

☐   direct that Defendant pay Plaintiff back pay in the amount of _____
and interest on back pay;

☑   direct that Defendant pay Plaintiff compensatory damages; Specify the
amount and basis for compensatory damages: _$300,000 for Lost_
_of Wages, Benefits ; Emotional Stress_

X _Sheena B. ulngram_     _Sheena ulngram_
SIGNATURE OF PLAINTIFF

Date: X _12/9/2019_

X _7418 Bridle Cv._
Address
_Southaven, MS 38671_
_901-395-4025_
Phone Number

6

Plaintiff Sheena Ingram vs Defendant Electrolux

# Exhibit 1

**EEOC Charge of Discrimination**

**EEOC Right To Sue**

**Lay Off Letter**

**LinkendIn Messages**

**Other Supportive Documents**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 846-2017-21790 |

| | and EEOC |
|---|---|
| **Tennessee Human Rights Commission** | |
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Sheena Ingram** | **(901) 395-4025** | **1980** |

| Street Address | City, State and ZIP Code |
|---|---|
| **7418 Bridle Cove, South Haven, MS 38671** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **ELECTROLUX** | **500 or More** | **(901) 789-8300** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3231 Paul R. Lowery Rd.,  Memphis, TN 38109** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **01-06-2017** | **01-06-2017** |

☐ CONTINUING ACTION

*(stamp: MAY 23 2017  RECEIVED  MEMPHIS, TENN.)*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

In April of 2014, I began working for the company.  In October of 2014, I was diagnosed with a disability and was then placed on STD and then LTD disability from October of 2014, until October 2015.

Due to my disability, I was off work again from January of 2016 until December of 2016.  In the end of November of 2016, I informed the company I would be returning to work in mid-December of 2016.

On December 19, 2017, I was informed by letter that I was being placed on lay off status due to lack of work and the material planner positions would go from six positions to four positions; however, I was the only person let go.  Human Resources informed me, I would receive a list of positions to apply for but I never received the list.

I am aware of two material planner positions being posted, one on February 21, 2017, and another on April 3, 2017, I was not placed in either position.

I believe that I have been discriminated against due to my disability in violation of the Americans with Disabilities Act Amendments Act, ADAAA.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>*Sheena Ingram* |
| **May 23, 2017**        *Sheena Ingram* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |
| Date            Charging Party Signature | |



**U.S. Equal Employment Opportunity Commission**
**Memphis District Office**

1407 Union Avenue
Suite 901
Memphis, TN 38104
(901) 544-0119
TDD: 1-800-669-6820
Fax: (901) 544-0111
1-800-669-4000

Respondent: ELECTROLUX
EEOC Charge No.: 846-2017-21790
FEPA Charge No.:

May 23, 2017

Sheena Ingram
7418 Bridle Cove
South Haven, MS 38671

Dear Ms. Ingram:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

[ ]   Title VII of the Civil Rights Act of 1964 (Title VII)
[ ]   The Age Discrimination in Employment Act (ADEA)
[X]   The Americans with Disabilities Act (ADA)
[ ]   The Equal Pay Act (EPA)
[ ]   The Genetic Information Nondiscrimination Act (GINA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

Please be aware that we will send a copy of the charge to Tennessee Human Rights Commission 312 Rosa L. Parks Avenue, 23rd Floor Nashville, TN 37243 as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.

The quickest and most convenient way to obtain the contact information and the status of your charge is to use EEOC's Online Charge Status System, which is available 24/7. You can access the system via this link (https://publicportal.eeoc.gov/portal) or by selecting the "My Charge Status" button on EEOC's Homepage (www.eeoc.gov). To sign in, enter your EEOC charge number, your zip code and the security response. An informational brochure is enclosed that provides more information about this system and its features.

While your charge is pending, please notify us of any change in your address, or where you can be reached if you have any prolonged absence from home. Your cooperation in this matter is essential.

Sincerely,

Michael G. Hollis
Investigator
(901) 544-0146

Office Hours: Monday – Friday, 8:00 a.m. - 4:30 p.m.
www.eeoc.gov

Enclosure(s)



**U.S. Equal Employment Opportunity Commission**
**Memphis District Office**

1407 Union Avenue
Suite 901
Memphis, TN 38104
(901) 544-0119
TTY (901) 544-0112
Fax: (901) 544-0111

May 23, 2017

Sheena Ingram
7418 Bridle Cove
South Haven, MS 38671

EEOC Number: 846-2017-21790

Dear Ms. Ingram:

In an effort to expedite the charge resolution process, your charge has been selected for mediation by the Equal Employment Opportunity Commission (EEOC).  Mediation is an informal process in which those involved in a dispute jointly explore and reconcile their differences.  Mediation is offered as an alternative to the often lengthy investigative process traditionally used to determine the merits of charges of discrimination filed with the Commission. The purpose of mediation is to help the parties to reach a fair and expeditious resolution of the charge prior to an investigation.  The majority of mediations are completed in only one session.  If your charge is resolved during the mediation process, the charge will be closed and the terms of the agreement will end further processing by the Commission.  If mediation is unsuccessful, your charge will be investigated just like any other charge.

Mediation focuses on a resolution of the underlying dispute by addressing the interests of both parties. It is not a forum for reaching a determination on whether discrimination occurred.  Therefore, any agreement reached during mediation does not constitute an admission that discrimination occurred. However, the agreement will resolve the employment dispute.

Participation in the mediation program is completely voluntary. Two agreements are enclosed for your review - the "Agreement to Mediate" and the "Confidentiality Agreement." You should complete and return both agreements if you are interested in mediating your charge. Also enclosed is a Mediation Fact Sheet that answers many questions that you may have regarding this program.

Failure to respond within 10 days of the date of this letter may result in the charge being forwarded to an investigator. The EEOC will also contact the Respondent (the employer or party against whom you have filed this charge). If the Respondent agrees to participate, you will be contacted by the assigned mediator to schedule a mediation session. If the Respondent elects not to mediate the matter, your charge will be assigned to an investigator and will be processed under our usual charge processing procedures.

Also, as you were previously advised, EEOC offers a convenient way to obtain the contact information and the status of your charge through the EEOC Online Charge Status System, which is available 24/7. You can access the system via this link (https://publicportal.eeoc.gov/portal) or by selecting the "My Charge Status" button on EEOC's Homepage (www.eeoc.gov). To sign in, enter your EEOC charge number, your zip code and the security response. An informational brochure is enclosed that provides more information about this system and its features.

If you have any questions concerning the mediation program, please call Edmond  Sims at (901) 544-0165.

Sincerely,

Edmond  Sims
ADR Coordinator

Enclosure(s)

# AGREEMENT TO MEDIATE

CHARGE NUMBER: 846-2017-21790
FEPA NUMBER:

Charging Party: Sheena Ingram
Respondent: ELECTROLUX

This is an agreement by the above parties to participate in mediation in the above referenced charge. The parties understand that mediation is a voluntary process, which may be terminated at any time. The parties and, if they desire, their representatives and/or attorneys, are invited to attend a mediation session. No one else may attend without the permission of the parties and the consent of the mediator(s).

The mediator(s) will not function as the representative of either party. However, the mediator(s) may assist the parties in crafting a settlement agreement. Each party acknowledges being advised to seek independent legal review prior to signing any settlement agreement. The parties acknowledge that they have received a copy of the Mediation Fact Sheet. The parties acknowledge that the mediator(s) possesses the discretion to terminate the mediation at any time if an impasse occurs or either party or the mediator deems the case inappropriate for mediation.

The parties acknowledge that participation in the scheduled mediation does not constitute an admission by either party of any wrongdoing or of a violation of the laws enforced by EEOC. Furthermore, the Charging Party acknowledges that participation in the scheduled mediation by the Respondent does not commit the Respondent to providing a monetary resolution of the matter.

The parties recognize that mediation is a confidential process and agree to abide by the terms of the attached Confidentiality Agreement. The parties acknowledge that if a settlement is reached as a result of the mediation, the assigned mediator(s) is required to report to EEOC any benefits received. This information is reported only for purposes of providing aggregate data to the EEOC for mediation program evaluation purposes, and the individual terms of the agreement will not be disclosed to the public.

| | | |
|---|---|---|
| Charging Party          Date | Respondent          Date | |
| **Sheena Ingram** | **ELECTROLUX** | |
| Charging Party Printed Name | Respondent Printed Name | |
| **(901) 395-4025       /** | **(901) 789-8300       /** | |
| Charging Party Phone & Cell Phone | Respondent Phone & Cell Phone | |
| | | |
| Charging Party's Representative     Date | Respondent's Representative     Date | |
| | | |
| CP Representative Printed Name | R Representative Printed Name | |
| / | / | |
| CP Representative Phone & Cell Phone | R Representative Phone & Cell Phone | |

Plaintiff Sheena Ingram vs Defendant Electrolux

# Exhibit 2

**EEOC Right to Sue**

EEOC Form 161 (11/16)                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Sheena Ingram**                                        From:  **Memphis District Office**
     **7418 Bridle Cove**                                            **1407 Union Avenue**
     **Southaven, MS 38671**                                         **Suite 900**
                                                                     **Memphis, TN 38104**

|     | On behalf of person(s) aggrieved whose identity is  |     |
|     | CONFIDENTIAL (29 CFR §1601.7(a))                    |     |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
|  | **Patricia A. Alexander,** |  |
| **846-2017-21790** | **Investigator** | **(901) 544-0076** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

                                          On behalf of the Commission

Enclosures(s)                             **Delner Franklin-Thomas,**                SEP 0 6 2019
                                          **District Director**                      *(Date Mailed)*

cc:    **Nicole P. Cantey**
       **Fisher Phillips, LLP**
       **1320 Main Street, Suite 750**
       **Columbia, SC 29201**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --** **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Plaintiff Sheena Ingram vs Defendant Electrolux

# Exhibit 3

## Lay Off Letter



December 19, 2016

Dear Sheena,

Self-Services has informed us that you are improving, that is good to hear. You have indicated that you would like to return to work in the near future. Unfortunately, your position has been eliminated. The Materials Planning group has been reduced from six employees to four. You are free to apply for other positions for which you are qualified to perform the essential function with or without reasonable accommodation. If do not find a position by the expiration of your medical leave of absence on January 6, 2017, your employment will automatically be terminated as provided in the medical leave of absence policy. This is not a disciplinary action. You will still be free to apply for future open positions for which you are qualified to perform the essential function with or without reasonable accommodation.

Regards,

HR services    980-
236-
2680

Diana Jarrett
Human Resource Partner
901-789-8322

DEPARTMENT OF LA    OF TENNESSEE
AND WORKFORCE DEVELOPMENT
DIVISION OF EMPLOYMENT SECURITY
## SEPARATION NOTICE



1. Employee's Name:  Sheena B. Ingram                              2. SSN  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
                    First        Middle Initial   Last

3. Last Employed: From:  04/07/14   to   01/06/17   Occupation: Material Planner
                    (mm/dd/yy)      (mm/dd/yy)

4. Where was work performed?  Electrolux Memphis

5. Reason for Separation:        [X] Lack of Work        [ ] Discharge        [ ] Quit

   If lack of work, indicate if layoff is      [ ] Permanent        [ ] Temporary - Recall Date _____
                                                                                          (mm/dd/yy)

   If temporary, report any vacation pay that will be paid.   Week Ending Date _____   Amount $ _____
                                                                              (mm/dd/yy)

   If layoff is indefinite vacation pay should not be reported.

6. Employee received:            [ ] Wages in Lieu of Notice        [ ] Severance Pay

   In the amount of $ _____ for period from _____ to _____
                                                      (mm/dd/yy)        (mm/dd/yy)

   If other than lack of work, explain the circumstances of this separation:

   Position Elimination

   Employer's Name:  Electrolux Memphis

   | Address where additional information may be obtained: | Employer's Telephone Number: |
   |---|---|
   | 3231 Paul R. Lowry Rd.<br>Memphis, TN 38109 | (901) 789-8322 |
   | | Employer's Email Address: |
   | | diana.jarrett@electrolux.com |

   Employer's Account Number:   052875-6      *Number shown on State Quarterly Wage Report (LB-0851) and Premium Report (LB-0456)*

   I certify that the above worker has been separated from work and the information furnished hereon is true and correct. **This report has been handed to or mailed to the worker.**

   | Signature of Official or Representative of the Employer who has first-hand knowledge of the separation | Title of Person Signing | Date Completed and Released to Employee |
   |---|---|---|
   | | Human Resources Partner | 01/06/17 |
   | | | (mm/dd/yy) |

### NOTICE TO EMPLOYER
Within 24 hours of the time of separation, you are required by Rule 0800-09-01-.02 of the Tennessee Employment Security Law to provide the employee with this document, properly executed, giving the reasons for separation. If you subsequently receive a time sensitive request for separation information for the same information please give complete information in your response.

### NOTICE TO EMPLOYEE
YOU MAY BE INSTRUCTED TO MAIL OR FAX THE SEPARATION NOTICE TO TENNESSEE CLAIMS OPERATIONS IF YOU FILE A CLAIM FOR UNEMPLOYMENT INSURANCE BENEFITS.

LB-0489 (Rev. 06-15)                                                                    RDA 0063

Plaintiff Sheena Ingram vs Defendant Electrolux

# Exhibit 4

## LinkendIn Messages

10/20/2016

Hi Jason, I've been out of the loop for a minute. I've
had numerous of surgeries and experienced some
complications along the way. I'm hoping that the
doctors will release me to come back to work
within the next month or so. I wish that I could help
out some kind of way. I will keep you posted and
hope all is well!

9:32 AM

10/22/2016



Hi Sheena. Sounds like your optimistic and
improving! Keep communication with Karen
Floyd and work with her on any changes. Elux
is still hanging in there. I hope you continue to
heal up.

9:20 AM

*Linked
In
message*

12/2/2016

Thank you! I have contacted Karen I'm hoping to be
back in two weeks. I have a doctors appointment
on Dec 12 hoping they clear me to come back that
week. If not it will be mid January.

12/22/2016

12/23/2016

Hi Jason,
I'm pretty sure you are aware that I have received a
letter stating that my position has been eliminated.
I can't get in contact with anyone so that I can
understand this process. Is the plant closed?

3:02 PM

 Sheena I was not aware. Those decisions are
made above my position. The plant is
shutdown until January 3rd. I believe Karen is
in next week, not sure if HR is in or not.

4:52 PM

Bad news to get right before Christmas and then only give me a week
notice. I understand that it's beyond your control. I'm in a bad place
already and then this. I have until January 6 to find another position
with Electrolux or I will be terminated. I couldn't get in contact with
anyone this week so basically I'll have 3 days when everyone comes
back to find something. So I have to go thru the Holidays with the
unknown. The timing of the letter is what's bothering me. I
understood that my job wasn't protected but when you're sick that's
beyond your control. Thanks for writing me back

5:05 PM

Plaintiff Sheena Ingram vs Defendant Electrolux

# Exhibit 5

**Other Supportive Documents**

*Jessica Stockman, LPC*

*"Helping Individuals, Couples, and Families"*

September 24, 2018

To Whom It May Concern:

This letter is being submitted on behalf of Sheena Ingram.  Ms. Ingram was a client of mine from August 2016 through December 2016 while she was going through continued treatment for cancer.  During this time, Ms. Ingram was receiving services to address the emotional, physical, and financial distress created because of her treatment for cancer.  As Ms. Ingram made improvements during her time in therapy, it was discussed, at her last session on December 13th of 2016, that she would return to work in January 2017.  The official day for her return to work was set to be discussed and solidified in a follow up appointment of January 3, 2017 that was not able to take place due to Ms. Ingram being laid off from her employer.  As a result, Ms. Ingram was unable to continue services due to increased financial difficulties. Should you have any questions or concerns, please feel free to contact me at stockmanlpc@gmail.com or 801-473-1049. Thank you for your time and attention regarding Ms. Sheena Ingram.

Warm Regards,

Jessica Stockman, LPC

March 29, 2018

Mr. Hollis,

After reading Electrolux's Statement of Position, there are some things I would like to address:

- Electrolux keeps stating that they reduced the Planner positions from six to four: however, I'm the only Planner that was laid off. There were still five planners in December [Tim Cayet (who quit and was hired back while I was on leave), Denise, Mike, Teresa Conrad, New Planner Bridgette] Who else was laid off????
- The timing of this lay-off is suspicious. They stated in their letter that I notified them in December of 2016 that my condition was improving and this is when they advised me that my position was being eliminated. FALSE. (see linked in messages attached) I notified my manager at the time Jason Malone and the company nurse Karen Floyd in October 2016 that I would be returning to work. They waited the week the plant was scheduled to be shut down to send me the lay-off letter (see letter submitted with EEOC complaint, linked in message on 12/23 to Jason attached).  They knew I would not be able to contact anyone and that no jobs were available at the end of the year. I gave them a heads up that I would be returning and that's why they made the whole lay-off scenario up. Jason Malone was the Material Planning Manager at the time and he stated in his linked in message that he had no knowledge of the downsizing, which is strange since it's his department. Also, he never mentioned the downsizing in October when I mentioned returning to work.
- I was never ENCOURAGED to apply for any openings. Having a master's degree in Human Resources Management, I'm almost positive that whenever employees are laid-off due to lack off work then these employees should be called when the position becomes available again.
- I heard from an Electrolux employee that I kept in contact with that my position may have been posted. I never received any type of communication from Electrolux stating that any positions had become available. I heard thru word of mouth but was never able to get any confirmation or information from Human Resources concerning any openings. I repeatedly asking for a list of available positions and never received it.
- When I received the letter from Electrolux I was indeed disabled. I was recovering from breast reconstruction surgery and I was seeing a therapist (Jennifer Stockman 801-473-1049) who was preparing me to return to work in which my doctor made mandatory since my mental health had been through so much due to all the health, hormonal, and financial burdens I had endured over the years.  I was just finishing up my therapy and getting stronger when Electrolux ruined my progress. Dr. Stockman can testify to this.  I was on a valid medical leave when they laid me off.

Sheena Ingram

TIMELINE OF EEOC INVESTIGATION

FILED CLAIM 5-23-2017

*Didn't hear anything for about 3 months. Investigator called a couple of times to ask questions.*

9-21-2017 Talk to investigator, Michael Hollis and his manager Mrs. Johnson to discussed settlement amount. I stated that I would like half of my yearly salary ($32,000), which was how much I lost from not working January 2017-July 2017 plus medical debt.

*Didn't hear anything from 9-21-2017 to 11-28-2017.*

11-29-2017 I was told by EEOC investigator, Michael Hollis that the attorney for Electrolux was in the hospital with cancer and he hadn't heard anything back regarding the settlement.

*Didn't hear anything from 11-29-2017 to 10-24-2018*

10-25-2018 After several unanswered emails and phone calls, Michael Hollis emails me back to tell me that he is no longer with the EEOC and a new investigator was assigned to my case.

*Didn't hear anything from 10-26-2018 to 1-31-2019*

1-31-2019 After several unanswered calls and emails, the new investigator Patricia Alexanders emails me back to say that they were affected by the government shutdown for 35 days and she wasn't familiar with my case yet. I tell her that I heard news that Electrolux Memphis was shutting down and just wanted to make sure my case was resolved before then.

*Didn't hear anything from 2-1-2019 to 6-25-2019*

6-26-2019 I receive an email from Patricia Alexander stating that the company was no longer interested in my settlement offer and that they sent a response, which was the same response that the previous investigator sent to me back in 2017. I let her know that I've already seen the original position statement and that the previous investigator had collected all the information he needed. She tells me that she must start over from the beginning with the investigation because there are no notes my file.

*For the next couple of months Patricia Alexander and her boss Mrs. Johnson call me several times asking the same questions over and over again sometimes rewording to trip me up. Questions that I have gave them answers to and previously answered for the former investigator, Mr. Hollis. They are basically badgering me. I don't feel like they are being a neutral party at this point. Many of these conversations have me in tears at the end.*

8-22-2019 Patricia Alexander calls me and tells me that they asked Electrolux for $5,000 (which I had no knowledge of) and that they counteroffered for $1,200. She tells me if I decline that my case would be closed and that they would issue a right to sue. I'm livid at this point because how do we go from half of my salary to $5,000 and why wasn't this offer discussed with me before they presented it to Electrolux. I declined the offer. I have asked for a copy of my EEOC file numerous of times with no response.

10-21-2019 Finally received my EEOC file after numerous emails and mailing requests.